UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVARRIO WEBB,

              Petitioner,               Case Number: 1:16-cv-14483
                                                Honorable Thomas L. Ludington

v.

SHAWN BREWER,

              Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS, GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Davarrio Webb, a prisoner in the custody of the Michigan Department of Corrections, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He challenges his convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), two counts of possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b, safe breaking, Mich. Comp. Laws § 750.531, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. Respondent has filed a motion to dismiss arguing that the petition was not timely filed. ECF No. 9. For the reasons set forth below, Respondent's motion to dismiss will be granted and the petition will be dismissed.

**I.**

Petitioner was convicted by a jury in Saginaw County Circuit Court of the crimes listed above. On June 20, 2011, he was sentenced to concurrent terms of 10 to 20 years for first-degree home invasion, 10 to 20 years for safe breaking, 10 to 20 years for felon in possession, all of the

foregoing to be served consecutively to two years for each of the felony-firearm convictions (the felony-firearm convictions to be served concurrently with one another).

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals reversed Petitioner's convictions on the ground that the trial court abused its discretion in denying Petitioner's request for a DNA expert witness. *People v. Webb*, No. 305017, 2012 WL 3536794, *1 (Mich. Ct. App. Aug. 16, 2012). The State filed an application for leave to appeal. In lieu of granting leave to appeal, the Michigan Supreme Court reversed in part the judgment of the Court of Appeals to the extent that the Court of Appeals vacated Petitioner's convictions. *People v. Webb*, 493 Mich. 904 (Mich. Dec. 12, 2012). The Michigan Supreme Court did not disturb the Court of Appeals determination that the lack of funds for an expert witness was error, but found it was premature to vacate Petitioner's convictions because the error may have been harmless. *Id.* The Michigan Supreme Court directed the circuit court to provide funds sufficient to allow Petitioner to obtain independent DNA testing. *Id.* The Michigan Supreme Court further allowed that "[w]ithin 56 days of receiving the test results, the defendant may seek further relief, if appropriate in the trial court." *Id.* The Michigan Supreme Court did not retain jurisdiction. *Id.* Petitioner did not seek further relief regarding the DNA testing in the trial court.

On May 12, 2014, Petitioner filed a motion for relief from judgment in Saginaw County Circuit Court, raising claims unrelated to independent DNA testing. The court denied the motion on July 11, 2014. *See* Saginaw County Cir. Ct. Docket Sheet, ECF No. 9-4, Pg. ID 152. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal. *People v. Webb*, No. 323635 (Mich. Ct. App. Dec. 11, 2014). The Michigan Supreme Court also denied leave to appeal. *People v. Webb,* 498 Mich. 919 (Mich. 2015).

Petitioner filed the pending habeas petition on December 20, 2016. In the petition, Petitioner raises claims of ineffective assistance of counsel related to plea negotiations. Respondent filed a motion to dismiss on the ground that the petition was not timely filed and Petitioner has filed a reply to the motion.

**II.**

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d) imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period to zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Court of Appeals vacated Petitioner's convictions. *Webb*, 2012 WL 3536794 at *1–2. On December 12, 2012, the Michigan Supreme Court reversed the Court of Appeals' decision vacating the convictions. *Webb*, 493 Mich. 904. Petitioner had ninety days from December 12, 2012, to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on March 13, 2013, when

the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on March 14, 2013, and continued to run until it expired one year later on March 14, 2014.

Petitioner's motion for relief from judgment did not toll the limitations period. The motion was filed on May 12, 2014, approximately two months after the limitations period already expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

Petitioner argues that he is entitled to equitable tolling of the limitations period because he has been diligent in pursuing his rights. The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner acknowledges the two requirements articulated in *Holland*, but fails to allege or identify an extraordinary circumstance which prevented his timely filing. He, therefore, is not entitled to equitable tolling on this basis.

**III.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules

Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IV.**

Accordingly, it is **ORDERED** that Respondent's Motion for Dismissal, ECF No. 9, is **GRANTED.**

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to appeal in forma pauperis is **GRANTED.**

Dated: February 5, 2018　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2018.

　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager